IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID J. MARTINEZ,<br><br>     Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br><br>     Defendant. | Case No. 2:08-CV-254-SA<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

   Before the court is an action filed by Plaintiff, David J. Martinez, asking the court to reverse the final agency decision denying his application for Disability Insurance Benefits (hereafter "DIB") and Supplemental Security Income (hereafter "SSI") under Titles II and XVI of the Social Security Act.  *See* 42 U.S.C. §§ 401-433, 1381-83c.  Plaintiff now challenges the decision of the Administrative Law Judge (hereafter "ALJ") by arguing that it is legally erroneous and not supported by substantial evidence.

   Having carefully considered the parties' memoranda and the complete record in this matter, the court concludes the case must be affirmed.

**BACKGROUND**

Plaintiff protectively applied for DIB and SSI in May 2005, alleging an inability to work since March 29, 2004, due to an injury to his lower back and right knee.  (Docket Entry #11, the certified copy of the transcript of the entire record of the administrative proceedings relating to David J. Martinez (hereafter referred to as "Tr. __") 81, 123.)  After his applications were denied initially and upon reconsideration (Tr. 47-49, 477-78), a hearing was held before an ALJ on July 31, 2007 (Tr. 479-522).  On September 10, 2007, the ALJ issued a decision denying Plaintiff's claims because he retained the residual functional capacity (hereafter "RFC") to perform a limited range of sedentary work with a sit/stand option, and could perform other work existing in significant numbers in the national economy, such as a semiconductor bonder, a call-out operator, and a telephone survey worker.  (Tr. 30-31.)  On January 31, 2008, the Appeals Council denied Plaintiff's request for review (Tr. 4-6), and the ALJ's decision became the Commissioner's final decision.  *See* 20 C.F.R. §§ 404.981, 416.1481.  As such, Plaintiff has exhausted his administrative remedies and the case is ripe for judicial review.  *See* 42 U.S.C. § 405(g).

On April 2, 2008, after receiving the Appeals Council's denial of his request for review, Plaintiff filed his complaint and the case was assigned to United States Magistrate Judge

Samuel Alba.  (File Entry #3.)[1]  Defendant then filed his answer on May 29, 2008.  (File Entry #7.)

On August 5, 2008, Plaintiff filed his memorandum requesting that the Commissioner's decision be reversed or remanded.  (File Entry #18.)  Defendant filed his response memorandum on October 9, 2008.  (File Entry #21.)  On October 24, 2008, Plaintiff filed his reply memorandum.  (File Entry #22.)

### STANDARD OF REVIEW

The court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003); *accord Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "'Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."'"  *Doyal*, 331 F.3d at 760 (citations omitted).  The court may "'neither reweigh the evidence nor substitute [its] judgment for that of the agency.'" *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (citation omitted).

The court's review also extends to determining whether the Commissioner applied the correct legal standards.  *Qualls v.*

---

[1]The parties consented to jurisdiction by a United States Magistrate Judge on June 17, 2008.  (Docket Entry #17.)

*Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000). Besides the lack of substantial evidence, reversal may be appropriate where the Commissioner uses the wrong legal standards or the Commissioner fails to demonstrate reliance on the correct legal standards. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994); *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993); *Andrade v. Secretary of Health and Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993).

## ANALYSIS

Plaintiff challenges the ALJ's decision by arguing it is not supported by substantial evidence and it is legally erroneous. Specifically, Plaintiff challenges the ALJ's credibility analysis and argues that the ALJ failed to provide both specific and legitimate reasons for the weight he assigned to the opinion of Plaintiff's treating physician.

### A. Credibility

Plaintiff challenges the ALJ's credibility determination. "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). While the ALJ must cite specific evidence relevant to the factors used in evaluating a claimant's subjective complaints, and explain why if he concludes those complaints are not credible, *see id.*, this process "does not require a formalistic factor-by-factor

4

recitation of the evidence," *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).  "So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, [the procedural requisites] are satisfied."  *Id.*

The court has carefully reviewed the ALJ's decision in light of the record and concludes that the ALJ gave specific, legitimate reasons for discrediting Plaintiff's testimony, and that his decision was supported by substantial evidence.  *See Gossett v. Brown*, 862 F.2d 802, 807 (10th cir. 1988) (holding that ALJ must give "specific, legitimate" reasons for discounting claimant's credibility).  First, the ALJ found that Plaintiff's allegations of impairments was out-of-proportion to his activities of daily living.  (Tr. 25-27.)  The ALJ noted that Plaintiff had been able to independently perform all of his daily activities, including caring for his personal needs, doing housework, preparing meals, shopping, handling his finances, watching television, walking, riding his bike, working out at the gym, driving, and fishing.  (Tr. 25-27; *see* Tr. 102-04, 204, 296, 307, 483-84.)

Second, the ALJ noted that Plaintiff had gaps between treatment for someone who claimed he was disabled.  (Tr. 27.)  For example, as noted by the ALJ's reference to a full six-month gap in treatment, after Plaintiff's April 2005 office visit with Dr. Thomas, he did not seek treatment again until October 2005.  (Tr. 224-29, 231.)

Third, the ALJ noted that there were inconsistencies in Plaintiff's statements. (Tr. 27-28.) One example the ALJ pointed out was Plaintiff's statement regarding his stolen medication. (Tr. 27-29.)

When taken together, these specific, legitimate reasons amount to substantial evidence upon which the ALJ could base his credibility determination. Although the court may not have reached the same conclusion in this case, it is not the court's position to reweigh the evidence; instead, the court follows the standard of review as outlined above and gives great deference to the ALJ's determinations.

### B. Treating Physician Opinion

When evaluating a treating physician's opinion, the ALJ must follow a sequential analysis. In the first step of the analysis, the ALJ should consider whether the opinion is both "(1) 'well-supported by medically acceptable clinical and laboratory diagnostic techniques;' and (2) 'consistent with other substantial evidence in the record.'" *Victory v. Barnhart*, 121 Fed. Appx. 819, 822 (10th Cir. 2005) (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)); *see also* 20 C.F.R. § 404.1527(d)(2); Social Security Ruling (hereafter "SSR") 96-2p. If the answer to both of these questions is yes, the ALJ must give the treating physician's opinion controlling weight. *See Watkins*, 350 F.3d at 1300. However, if the treating physician's

opinion is deficient in either of these respects, then it is not entitled to controlling weight. *See id.*

SSR 96-2p provides that even if a treating physician's opinion is not entitled to controlling weight, the treating physician's medical opinions are still entitled to deference and must be weighed using all the factors provided in 20 C.F.R. § 404.1527. *See* SSR 96-2p, 1996 WL 374188, at *4. Those six factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1300; *see also* 20 C.F.R. § 404.1527. After considering these factors, "the ALJ must give good reasons in [the] . . . decision for the weight he ultimately assigns the opinion." *Watkins*, 350 F.3d at 1301 (quotation omitted). "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Id.* (quotations omitted).

Turning to the instant case, Plaintiff challenges the ALJ's failure to accept the opinion of Dr. James Thomas. (Tr. 29.)

7

The ALJ explained that "[a]lthough the [ALJ] accepts the opinions of Dr. Thomas with regard to medical issues and diagnosis relating to the nature and severity of the claimant's impairments, the opinion as to the claimant's residual functional capacity, the ability to do past work, the ability to do other work and whether there is a disability under the Social Security Act are all issues reserved to the Commissioner."  (Tr. 29.)  The ALJ further explained:

> Dr. Thomas' statements have all been carefully considered but are given diminished weight as they indicate extreme limitations that are unsupported by the objective evidence, especially in light of the fact that claimant repeatedly rated his pain levels at only a four.  Also, subsequent to the doctor's medical leave, both of claimant's new providers opined he could perform at least sedentary work.  As well, this opinion is not supported by the claimant's own description of his activities of daily living, which, as discussed above, are highly active.  Treatment notes and other examinations show a degree of limitation but not to the point suggested by Dr. Thomas.

(Tr. 29 (citations omitted).)  Therefore, the ALJ explained that Dr. Thomas' opinion was given "diminished weight" because (1) it contained "extreme limitations" unsupported by objective record evidence, especially because Plaintiff frequently rated his pain at a "4" out of "10,"; (2) after Dr. Thomas took a medical leave, both of Plaintiff's new providers opined he could perform sedentary work; (3) it is not in line with Plaintiff's activities of daily living; and (4) treatment notes and other examinations

8

show a degree of limitation, but not at the level Dr. Thomas suggested.

Although the ALJ's analysis is not ideal, it is enough to provide the court with the specific reasons he had for discounting Dr. Thomas' opinion.  The ALJ explained what weight he gave Dr. Thomas' opinion when he explained he gave it "diminished weight" and that he accepted Dr. Thomas' opinions with regard to medical issues and diagnosis relating to the nature and severity of Plaintiff's impairments, but that he did not accept the opinion regarding Plaintiff's residual functional capacity, the ability to do past work, the ability to do other work and whether there is a disability under the Social Security Act because these are all issues reserved to the Commissioner. The court notes that the ALJ was correct in noting that the ultimate issue of disability is reserved to the Commissioner, *see Whelchel v. Barnhart*, 94 Fed. Appx. 703, 709 (10th Cir. 2004) (*citing Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); SSR 96-5p, 1996 WL 374183, at *2), and that it is the Commissioner who determines a claimant's RFC. *See* 20 C.F.R. § 404.1546(c) (stating that ALJ is responsible for assessing a claimant's RFC); *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) (stating it is the Commissioner's responsibility to assess a claimant's RFC); SSR 96-5p, 1996 WL 374183, at *2.

The court also notes that the reasons the ALJ gave for giving Dr. Thomas' opinion diminished weight are acceptable, specific, and legitimate reasons. *see Victory*, 121 Fed. Appx. at 822 (citation omitted) (explaining that treating physician opinion could be rejected because it is not "'consistent with other substantial evidence in the record'").

Finally, the court has reviewed the parties' pleadings and examined the record and concludes that the ALJ's decision is supported by substantial evidence.

## CONCLUSION

Based on the above analysis, the **IT IS HEREBY ORDERED** that the ALJ's decision is **AFFIRMED** because it is supported by substantial evidence and is free of reversible legal error.

DATED this 22nd day of September, 2009.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge